IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONTAY J. HARRIS, | § | |
| | § | No. 17, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1111019754 |
| Appellee. | § | |

Submitted: June 19, 2014
Decided: July 16, 2014

Before **STRINE**, Chief Justice, **BERGER** and **RIDGELY**, Justices.

### O R D E R

This 16th day of July 2014, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On May 22, 2012, the appellant, Dontay J. Harris, pled guilty to Assault in the First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree. On July 12, 2012, after a presentence investigation, the Superior Court sentenced Harris to a total of fifteen years at Level V suspended after eight years for decreasing levels of supervision.

(2) On February 21, 2013, Harris filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The motion was

referred to a Superior Court Commissioner who appointed counsel to represent Harris. Under the Commissioner's brief schedule, Harris' appointed counsel filed an amended motion for postconviction relief, Harris' trial counsel filed an affidavit responding to allegations of ineffective assistance of counsel, and the State filed a response.

(3) By report and recommendation dated November 22, 2013, the Commissioner recommended that Harris' motion for postconviction relief be denied. After *de novo* review, the Superior Court issued an order dated December 13, 2013 that denied the motion. This is Harris' appeal from the denial of his motion for postconviction relief.

(4) On appeal, Harris' appointed counsel ("Counsel") has filed a brief and a motion to withdraw under to Supreme Court Rule 26(c).[1] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel also reports that Harris did not submit any points for the Court's consideration. The State has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).

a conscientious examination of the record and the law for arguable claims.[2]  The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(6)    In this case, the Court has reviewed the record carefully and has concluded that Harris' appeal is wholly without merit and devoid of any arguably appealable issue.  We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Harris could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Id.*